IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHAQUETTA MONTGOMERY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION No. 1:17CV442 |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | JUDGE RON CLARK |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant, United States of America, answers Shaquetta Montgomery's ("Plaintiff") Complaint as follows:

### I. PARTIES, JURISDICTION, SERVICE OF PROCESS AND VENUE

1.1.    Paragraph 1.1 of the Complaint contains Plaintiff's characterization of the nature of this action and her claims, to which no answer is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 1.1.

1.2.    Defendant United States has insufficient knowledge and information to admit or deny the allegations in paragraph 1.2, and therefore denies same.

1.3.    Paragraph 1.3 of the Complaint contains Plaintiff's characterization of the parties, to which no answer is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 1.3.

1.4.    Defendant makes no response to the legal conclusions and allegations regarding jurisdiction contained in Paragraph 1.4, as no response is required. To the extent the allegations are deemed factual in nature by the court, Defendant admits only that Plaintiff has filed suit pursuant to the FTCA, but denies that Plaintiff is entitled to any relief under it.

1.5.    Defendant makes no response to the legal conclusions and allegations regarding service contained in Paragraph 1.5, as no response is required.

1.6.    Defendant makes no response to the legal allegations and conclusions regarding venue contained in Paragraph 1.6, as no response is required. To the extent the allegations are deemed factual in nature by the court, Defendant admits that the incident at issue occurred within this judicial district.

## II.    LIABILITY

2.1.    Paragraph 2.1 contains Plaintiff's statement of the case and conclusions of law to which no answer is required.  To the extent a response is deemed required, Defendant denies all allegations contained in Paragraph 2.1.

## III.    JURISDICTIONAL PREREQUISITES

3.1.    In Response to Paragraph 3.1, Defendant admits only that USPS received an administrative claim from Plaintiff on or around January 9, 2017, and issued a final denial of said claim on July 3, 2017.  Except as expressly admitted, Defendant United States denies the remaining allegations of Paragraph 3.1.

### IV.     THE UNITED STATES POSTAL SERVICE

4.1.    The allegations of Paragraph 4.1 constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, Defendant United States admits only that the Postal Service operates offices in Beaumont, Texas.  Except as expressly admitted, Defendant United States denies the remaining allegations of Paragraph 4.1.

### V.     SCOPE OF EMPLOYMENT

5.1.    Paragraph 5.1 contains conclusions of law to which no response is required.

### VI.     FACTS

6.1.    Paragraph 6.1 of the Complaint contains Plaintiff's characterization of the nature of this action, as well as conclusions of law to which no response is required.  To the extent the allegations are deemed factual in nature by the court, Defendant denies the allegations contained in Paragraph 6.1.

6.2.    Defendant United States admits that the Postal Service employed Antenisha Bolton on December 4, 2016, and on said date Ms. Bolton operated a vehicle at or near the intersection of N. Major Drive and Dishman Road in Beaumont, Texas.  Except as expressly admitted, Defendant United States denies the remaining allegations of Paragraph 6.2.

6.3.    Paragraph 6.3 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 6.3.

6.4. Paragraph 6.4 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 6.4.

## VII. CAUSE OF ACTION

7.1. Paragraph 7.1 (a-c) contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 7.1 (a-c).

7.2. Paragraph 7.2 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 7.2.

## VIII. DAMAGES

8.1. Paragraph 8.1 (a-k) contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 8.1 (a-k).

8.2. Paragraph 8.2 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 8.2 and expressly denies Plaintiff is entitled to a judgment, if any, in excess of the amount of the administrative claim filed with the Postal Service.

## IX.    PRAYER FOR RELIEF

9.1.    Defendant United States denies Plaintiffs are entitled to any of the relief sought in Paragraph 9.1, and expressly denies Plaintiff is entitled to prejudgment interest, a separate award for attorney's fees, or punitive damages.

All allegations not specifically responded to above are denied.

## <u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's recovery is barred or limited by the provisions of the Texas law on comparative negligence.

3.    Negligent acts or omissions by federal employees did not cause the injuries and damages alleged by Plaintiff, and therefore she cannot recover for same against Defendant United States.

4.    The collision on September 5, 2015, was an unavoidable accident and/or the result of a sudden emergency.

5.    Plaintiff is not entitled to a trial by jury with respect to their claim against the United States of America.  28 U.S.C. § 2402.

6.    Pursuant to 28 USC § 2675(b), Plaintiff is prohibited from claiming or recovering an amount, if any, against Defendant United States in excess of that set forth in its claim presented to the United States Postal Service.

7.    Pursuant to 28 USC § 2674, Plaintiff is proscribed from recovering any amount of prejudgment interest against the United States of America.

8.  Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover a separate award for attorney's fees from Defendant United States.

9.  Plaintiff failed to mitigate any resulting damages.

10. Plaintiff's alleged injuries are due to pre-existing medical conditions and were not proximately caused by the accident in question.

11. Defendant is entitled to any and all offsets and/or credits to which it may be entitled as a result of a provision of services or payments of benefits or expenses to Plaintiff through Medicare or any other federal agency, and any and all damages incurred by Defendant.

12. If Plaintiff is awarded any damages in this action pertaining to past medical expenses, she may only recover the amount of medical expenses actually paid.

13. Defendant United States hereby specifically reserves the right to assert any and all other defenses, not currently known, which it may have or through discovery learn may be applicable.

**WHEREFORE**, having fully answered all counts of the Complaint, Defendant United States prays that Plaintiff takes nothing by way of her Complaint against it, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

    Respectfully submitted,

    BRIT FEATHERSTON
    ACTING UNITED STATES ATTORNEY

*/s/ Andrea L. Parker*_____
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
350 Magnolia Avenue, Suite 150
Beaumont, Texas   77701-2237
Tel:   (409) 839-2538
Fax:   (409) 839-2643
Email:   andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2017, a true and correct copy of the foregoing ***Defendant's Original Answer and Affirmative Defenses*** has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*_____
ANDREA L. PARKER
Assistant United States Attorney