| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| SHAQUETTA MONTGOMERY, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:17-CV-442 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Shaquetta Montgomery's ("Montgomery") Motion for Reconsideration (#19), wherein Montgomery requests that the court vacate its Memorandum and Order (#17) and Order of Dismissal (#18) pursuant to Federal Rule of Civil Procedure 59(e). Defendant the United States of America (the "United States") filed a Response (#20). Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that the motion should be denied.

I.  Background

Montgomery seeks to recover approximately $400,000.00 from the United States for personal injuries arising from a motor vehicle collision on December 4, 2016, when she was rear-ended by a United States Postal Service ("USPS") vehicle operated by Antenisha Bolton in the course and scope of her federal employment. The United States filed its Motion to Limit Ad Damnum Clause (#14) on May 28, 2019, arguing that the court lacked subject matter jurisdiction because Montgomery failed to comply with the administrative requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, before filing her lawsuit in federal court.

Montgomery did not file a response or request leave to file an untimely response before the court granted the motion and entered judgment on October 11, 2019.

Montgomery now contends that the court should reconsider its ruling because the judgment will result in manifest injustice. Montgomery argues that the USPS improperly denied her administrative claim submitted on December 12, 2016, and paid the administrative claim submitted on March 9, 2017, by GEICO, Montgomery's insurer, as subrogee for Montgomery. Montgomery denies that GEICO was acting in any capacity on her behalf, and she argues that the USPS and GEICO unilaterally settled Montgomery's claims without her informed consent or approval. Montgomery maintains that her federal action is viable because she submitted her administrative claim on December 12, 2016, the USPS issued its final denial of her claim on July 3, 2017, and she filed suit on October 19, 2017, which is within the six-month time frame to file a lawsuit under the FTCA. In response, the United States asserts that Montgomery fails to explain why she did not respond to the United States's dispositive motion and that Montgomery's arguments neither establish the right to reconsideration nor overcome the grounds for the court's orders of October 11, 2019.

II.  Analysis

A Rule 59(e) motion questions the correctness of a court's prior judgment. *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)), *cert. denied*, 138 S. Ct. 687 (2018); *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). The rule is designed to serve the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *In re Deepwater Horizon*, 785 F.3d 986, 991 (5th Cir. 2015) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468,

473 (5th Cir. 1989)); *accord Edionwe*, 860 F.3d at 294; *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 884 (5th Cir. 2016); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *cert. denied*, 543 U.S. 1085 (2005). A Rule 59(e) motion may not be used simply for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" or to relitigate matters that were not resolved to the movant's satisfaction. *In re Deepwater Horizon*, 785 F.3d at 992 (quoting *Templet*, 367 F.3d at 479) (holding that an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration); *accord Edionwe*, 860 F.3d at 295; *Mason*, 671 F. App'x at 884; *In re Rodriguez*, 695 F.3d at 371.

The court agrees with the United States that Montgomery fails to meet the standard for relief under Rule 59(e). Montgomery merely asserts arguments that should have been raised in her response to the United States's motion. Moreover, Montgomery's arguments do not overcome the court's conclusion that she exhausted her administrative remedies only as to the property damage identified in her administrative claim. Consequently, Montgomery failed to invoke waiver of the United States's sovereign immunity as to her claims for personal injuries, and the court lacks subject matter jurisdiction over those claims. Montgomery has not presented evidence of a manifest error by the court or any newly discovered evidence that was previously unavailable. "The manifest injustice standard presents . . . a high hurdle" for the movant. *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010); *see Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019) ("A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005), *cert. denied sub nom. Ross v.*

3

*Allstate Tex. Lloyds Ins. Co.*, 549 U.S. 1166 (2007))); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (recognizing that the movant bears the burden of "clearly establishing" a manifest error in the context of a Rule 59(e) motion). The United States Court of Appeals for the Fifth Circuit has defined "manifest error" as one that is "plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *accord Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019); *Huss v. Gayden*, 585 F.3d 823, 829 (5th Cir. 2009), *cert. denied*, 559 U.S. 1007 (2010). Here, Montgomery has not met her burden.

III. Conclusion

For the foregoing reasons, Montgomery's Motion for Reconsideration (#19) is DENIED.

SIGNED at Beaumont, Texas, this 22nd day of November, 2019.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE